## GANSTER VS. VICKERS.

An affidavit of defense should set forth the facts with reasonable certainty.

Error to the Common Pleas of Berks County. No. 11, January Term, 1883.

This was an action of assumpsit brought by Thomas L. Vickers against George P. Ganster. The affidavit of defence was as follows: The defendant, being duly sworn according to

law, doth depose and say that he has a just and legal defence to the whole of the plaintiff's demand in the above suit, the nature and character of which is, that the notes upon which the suit is brought were given in pursuance of the following agreement, to wit: The plaintiff undertook and agreed with the defendant at Reading, on or about the 8th day of July, 1879, to assume the payment of all the defendant's lien indebtedness, or take an assignment thereof from his lien creditors so as to prevent the sale of the defendant's real estate by the Sheriff, and further to give him, the defendant, such pecuniary aid as was necessary to complete and perfect a certain valuable patent for raising and lowering gas. In consideration whereof the defendant gave the plaintiff an agreement in writing, in which he obligates himself to transfer to the plaintiff shares of stock in said patent, as soon as the same were issued, to the amount of $50,000. That before said patent was perfected, and the shares as aforesaid were issued, the defendant violated his agreement by not only refusing to assume the payment of all the liens, and thus prevent a sale of the defendant's real estate by the Sheriff, but he, the plaintiff, foreclosed the mortgage that he had already assumed to pay, and was about to sell the defendant's real estate, so that he, the defendant, was compelled to raise money elsewhere at a great sacrifice. That the plaintiff came to the defendant at a time when he was sorely pressed by his creditors, and knowing the extent of his indebtedness, and the great value of the patent, (in which the plaintiff sought an interest, and on account of which all this lien debt was created by the defendant) and urged it upon this defendant to enter into the said agreement. That to save his property from the hands of the Sheriff, and complete the patent to which he had devoted ten years of his life, he agreed (and gave a paper to that effect) to transfer shares of stock in said patent for $50,000 as aforesaid. That by the breach of this agreement the defendant was injured and now claims damages. That upon the surrender of the agreement held by the plaintiff for the shares of stock, and a proper allowance for damages to be set off against the plaintiff's claim, the defendant is willing and ready to pay. The plaintiff further suggests that the statement of claim and items of money loaned

and advanced is not supported by an affidavit, as is required by the Act of Assembly in such case made and provided; all of which he will be able to show in the trial of the case. A supplementary affidavit was filed by the defendant to the effect that the agreement set forth in the former affidavit was made on the 5th April, 1879, and that the note of April 23, 1878, for $1,000' one of the several notes upon which this suit is brought, was not given in pursuance of said agreement, but that he, the said Thomas L. Vickers, agreed to hold the same, under said agreement or arrangement, to prevent the sale of his property by the Sheriff, a copy of so much of the agreement as was in writing, is hereto annexed. The oral agreement and arrangement made at the time between us, deponent and said plaintiff, to prevent the Sheriff's sale is substantially set forth in the affidavit filed.

That by the breach of this contract the defendant was injured to the amount of $10,000. The agreement was as follows: Reading, Penna., April 5, 1879. I, George Ganster, hereby agree and guarantee to sell to Thomas L. Vickers 500 shares of the stock of the Ganster Automatic Lighting and Extinguishing Co., of Hartford, Conn., and all right, title and interest, in improved foreign patents, already issued and applied for, for the sum of $1.00, provided said Thomas L. Vickers shall make such arrangements as will prevent the sale of my property on Sheriff's sale as advertised.

GEORGE P. GANSTER.

Witness present, J. G. KALBACH.

A rule for judgment for want of sufficient affidavit of defence was taken and made absolute on Aug. 12, 1882 in the following opinion, per

SASSAMAN, J.:

The affidavit of defence fails to set out matter that would make a good and valid defence to the plaintiff's claim which is nowhere denied. When a plaintiff's claim is stated, seriatim by copy, and no part of it is denied, and the defendant relies on matter of defalcation, which he claims to set off, it should be so presented that if the same were presented to a jury for

examination they could comprehend it and lay hold of it tangibly, so as to balance the amount with the other, and upon the merits decide the relative indebtedness between the parties. The affidavit now before us is so vague and indefinite that we are unable to determine whether it is sufficient or not upon any merit of its own. When this is a case taking the affidavit for verity as far as it goes, we must declare it insufficient. There is not even the allegation of an offer of performance of the uncertain alleged contract out of which we are asked to infer a set off. This rule is made absolute.

---

Ganster then took a writ of error, complaining of the action of the Court in granting judgment for want of a sufficient affidavit of defence.

*W. H. Livingood, Esq.*, for plaintiff in error argued the facts set forth as constituting the defence need only be averred with reasonable precision and distinctness; Moeck vs. Littell, 82 Penna., 356; Bronson vs. Silverman, 77 Penna., 94; Twitchell vs. McMurtrie, 77 Penna., 383; Selden vs. Neemes, 43 Penna., 421; Blessing vs. Miller, 102 Pa., 45. There is only an implied promise to pay from the plaintiff's statement, and hence no affidavit of defence is required; Hossler vs. Hartman, 82 Penna. 54; Dewart vs. Masser, 40 Penna., 302; Woodwell vs. The Bluff Mining Co., 25 Penna., 365; Barr vs. Duncan, 76 Penna., 395.

*Horace Rowland, Esq.*, foa defendant in error. The notes were ordinary promissory notes, a copy of which is as follows:

$1,000.                                READING, Penna., April 23, 1878.

One year after date I promise to pay to the order of Christopher Ganster at the First National Bank of Reading $1,000 without defalcation, for value received, with lawful interest.

GEORGE P. GANSTER.

Credit the drawer,                    Endorsed,

CHRISTOPHER GANSTER.            CHRISTOPHER GANSTER.

Ganster has never transferred or offered to transfer any of the interests stipulated for in the agreement of April 5, 1879. The supplementary affidavit of defence does not agree with the original, and should be closely scrutinized; Callan vs.

Lukens, 89 Penna., 134. For the alleged parol contract there was no consideration; Miller vs. Henderson, 10 S. & R., 290; Boyd vs. Breece, 3 Phila., 206. The damages arising from levying on Ganster's property are not subject of defalcation; Gogel vs. Jacoby, 5 S. & R., 118. Nor would anticipated profits from his patents be subject of damage; Sitgreaves vs. Griffith, 2 W. N. C., 705; Rogers vs. Bemus, 69 Penna., 432. The Supreme Court affirmed the judgment of the Common Pleas on March 12, 1883, in the following opinion,

PER CURIAM:

These affidavits are too vague and indefinite. They fail to aver with reasonable certainty facts constituting a defence to the claim of the defendant in error, or those sufficient to establish a valid set off.

Judgment affirmed.